1  James L. Payne, Bar No. 107021
   E-Mail:  jlp@paynefears.com
2  James R. Moss, Jr., Bar No. 196725
   E-Mail:  jrm@paynefears.com
3  PAYNE & FEARS LLP
   4 Park Plaza, Suite 1100
4  Irvine, CA  92614
   Telephone: (949) 851-1100
5  Facsimile:  (949) 851-1212

6  Attorneys for Defendant
   Lincoln Military Property Management, Inc.
7

8            UNITED STATES DISTRICT COURT

9        FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11 JULIE PICKERING,                    | CASE NO.  **EDCV 11-00851 VAP (DTBx)**

12          Plaintiff,                 | San Bernardino County Superior
                                       | Court Case No.  CIVMS1000760
13      v.
                                       | **CLASS ACTION**
14 LINCOLN MILITARY PROPERTY
   MANAGEMENT, INC.; DOES 1 to         | PETITION AND NOTICE OF REMOVAL
15 50,                                 | OF CIVIL ACTION UNDER 28 U.S.C.
                                       | §§ 1331 AND 1441
16          Defendants.
                                       | [FEDERAL QUESTION]
17
                                       | Action Filed:  October 7, 2010
18

19

20

21

22

23

24

25

26

27

28

FILE ON DEMAND

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL
DISTRICT OF CALIFORNIA, AND TO PLAINTIFF JULIE PICKERING, AND HER
COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant Lincoln Military
Property Management, Inc. ("Defendant" or "Lincoln") hereby
removes this action from the Superior Court of the State of
California for the County of San Bernardino to the United States
District Court for the Central District of California, on the
following grounds:

## PLAINTIFF'S STATE COURT ACTION

1.     Defendant is informed and believes that on or
about October 7, 2010, Plaintiff Julie Pickering ("Plaintiff")
filed her Complaint in the Superior Court of the State of
California, County of San Bernardino, against Lincoln Military
Housing Property Management.  This Complaint was not served on
Defendant.  Defendant is informed and believes that on or about
December 10, 2010, Plaintiff Julie Pickering ("Plaintiff") filed
her First Amended Complaint against Defendant in the Superior
Court of the State of California, County of San Bernardino,
entitled "Julie Pickering, Plaintiff, vs. Lincoln Property
Company, Case No. CIVMS1000760 (the "State Court Action").  This
Complaint was not served on Defendant. (Attached as Exhibit "E.")

2.     On or about April 21, 2011, Plaintiff forwarded to
Defendant's counsel, via U.S. Mail, a copy of a Second Amended

1   Complaint, naming Lincoln Military Property Management, Inc. as

2   Defendant in place of Lincoln Property Company, with a Notice of

3   Acknowledgement of Receipt.  A true and correct copy of the

4   Second Amended Complaint is attached hereto as Exhibit "A."

5

6           3.    On April 21, 2011, Plaintiff also delivered to

7   Defendant a Stipulation to File the Second Amended Complaint.  On

8   May 2, 2011, Defendant executed and returned the Stipulation to

9   File the Second Amended Complaint.  A true and correct copy of

10  the executed Stipulation to File the Second Amended Complaint is

11  attached hereto as Exhibit "B."

12

13          4.    On May 2, 2011, Defendant also signed and served

14  the Notice and Acknowledgement of Receipt, accepting service of

15  the Second Amended Complaint effective that day.  A true and

16  correct copy of the signed Notice of Acknowledgement of Receipt

17  is attached hereto as Exhibit "C."

18

19          5.    On May 31, 2011, Defendant filed its Answer in San

20  Bernardino County Superior Court.  A true and correct copy of the

21  Answer is attached hereto as Exhibit "D."

22

23          6.    This Notice is timely pursuant to 28 U.S.C. §

24  1446(b) and Rule 6 of the Federal Rules of Civil Procedure, in

25  that Defendant was originally served with the Second Amended

26  Complaint, the first Complaint served on Defendant, no more than

27  thirty (30) days before the filing of this Notice.

28

PAINE & PAINE LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

7.    The documents attached hereto as Exhibits "A" through "D" constitute the pleadings, process and orders served upon or by Defendant in the State Court Action.

## FEDERAL QUESTION JURISDICTION UNDER

## "FEDERAL ENCLAVE" DOCTRINE

8.    "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.  Any such action may be removed to the district court if it is originally filed in a state court:

> "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

28 U.S.C. § 1441(b).  Removal on such "federal question" grounds is proper even if the parties are not of diverse citizenship, and without regard to the amount in controversy.  28 U.S.C. § 1441(b).

9.    This action arises under the laws of the United States, and this court has federal question jurisdiction, because

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1   Plaintiff's claims are based on conduct occurring entirely on

2   United States Marine Corps Base Camp Pendleton, which is a

3   federal enclave.  When a person's alleged injuries took place on

4   a federal enclave, including a military base, the action is said

5   to "arise under" federal law, and is therefore subject to federal

6   question jurisdiction.  *See Willis v. Craig*, 555 F.2d 724, 726

7   (9th Cir. 1977); *Fung v. Abex Corp.*, 816 F. Supp. 569, 571 (N.D.

8   Cal. 1992); *Mater v. Holley*, 200 F.2d 123, 125 (5th Cir. 1952).

9

10  **A.    The "Federal Enclave" Doctrine.**

11

12         10.   The "federal enclave" doctrine is derived from the

13  U.S. Constitution, Article I, Section 8, Clause 17, which states

14  that "Congress shall have Power … to exercise like Authority over

15  all Places purchased by the Consent of the Legislature of the

16  State in which the Same shall be…"  The United States' exclusive

17  jurisdiction over what is then essentially its own property is

18  set out by the Supremacy Clause of the U.S. Constitution, which

19  provides that on U.S. government lands, "This Constitution, and

20  the Laws of the United States which shall be made in Pursuance

21  thereof; … shall be the supreme Law of the Land…"  *U.S. Const.*

22  *Art. VI, cl. 2.*

23

24         11.   The Supremacy Clause and the Plenary Powers Clause

25  of the Constitution provide Congress with exclusive authority

26  over the regulation of federal facilities and activities.  *See*

27  *McCulloch v. Maryland,* 17 U.S. 316 (1819).  Absent unambiguous

28  authorization from Congress, the activities conducted on federal

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

installations are shielded from state law or regulation enacted

after the creation of an enclave. *Goodyear Atomic Corp. v.*

*Miller*, 486 U.S. 174, 180 (1988) (quoting *Environmental*

*Protection Agency v. California ex rel. State Water Resources*

*Control Bd.*, 426 U.S. 200, 211 (1976). The Constitution provides

for "immunity of the instruments of the United States from state

control in the performance of their duties." *Johnson v.*

*Maryland,* 254 U.S. 51, 57 (1920).

12. Only state laws in effect at the time of cession

or transfer of jurisdiction to a federal enclave can continue in

operation. *See James Stewart & Co.*, 309 U.S. 94, 100, 60 S. Ct.

431 (1940). Laws subsequently enacted by the state are

inapplicable in the federal enclave unless they come within a

reservation of jurisdiction or are adopted by Congress. *See id.;*

*Paul v. United States*, 371 U.S. 245, 268, 83 S. Ct. 426, 9 L. Ed.

2d 292 (1963); *see also* 91 C.J.S. United States § 15. *Stiefel v.*

*Bechtel Corp.,* 497 F. Supp. 2d 1147, 1153. Thus, employees who

work on "federal enclaves" generally are not subject to the

surrounding state's wage and hour laws – primarily because on

federal property, federal law controls. *See Koren v. Martin*

*Marietta Servs., Inc.*, 997 F. Supp. 196, 205-06 (D.P.R. 1998)

(determining state wage and hour laws were inapplicable); *see*

*also Lamb v. Martin Marietta Energy Sys., Inc.*, 835 F. Supp. 959,

963 (W. D. Ky. 1993) (federal government contractor shielded from

state law liability for acts done on federally owned facility,

unless Congress clearly expresses a contrary intent).

B.  **Plaintiff's Claims Arise From Conduct Occurring on the Camp Pendleton Marine Base, Including San Onofre Nuclear Generating Station**.

13.  Defendant Lincoln operates residential housing on military bases, including the Marine Corps Base Camp Pendleton, where Pickering worked.  (Declaration of Steve Browne Decl., ¶¶ 2-4).  Plaintiff's Complaint alleges that she was employed by Lincoln from January 16, 2006 through April 28, 2008. (Complaint, ¶ 7).  Plaintiff alleges that during that period, (1) she was unable to take her meal and rest breaks as required by the California Labor Code sections 226.7 and 512, and California Industrial Welfare Commission ("IWC") Wage Order No. 5 (Complaint, ¶¶ 10, 14-18); (2) she was not paid overtime wages for overtime hours worked as required by California Labor Code section 510 and 1194 (Complaint, ¶¶ 11, 34-37), (3) she was not provided itemized wage statements with hours worked, wages, deductions and other data required by California Labor Code section 226 (Complaint, ¶¶ 12, 30-33), and (4) Lincoln failed to record her wages, hours and meal periods as required by IWC Wage Order No. 5 (Complaint, ¶¶ 26-29).

14.  Throughout her employment, Pickering worked as a Leasing Consultant or Service Manager for Lincoln.  Her job was to facilitate housing arrangements for military families stationed at Camp Pendleton, including ensuring that resident units were prepared for moving in and that they were properly maintained, and facilitating transfers to different units or

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

departures from the Base.  All of Pickering's work for Lincoln, at the Del Mar District and San Onofre District, was performed on the Camp Pendleton Marine Corps Base, either at the District Offices or in and around the residences of the service members and military families, all of whom lived on the Marine Corps Base.  (Browne Decl., ¶¶ 2-4).  Additionally, all actions taken by Lincoln regarding Pickering's employment, including providing Pickering with meal and rest periods, and decisions regarding payment of Pickering's wages including overtime pay, which was reflected in Pickering's wage statements (the basis for all of Plaintiff's claims), were made by Lincoln management employees on the Camp Pendleton Marine Corps Base.  (Browne Decl., ¶¶ 2-4).

C.   **Camp Pendleton, including the San Onofre Nuclear Generating Station Facility, is a Federal Enclave**.

15.   The federal courts have repeatedly held that Camp Pendleton, including the San Onofre Nuclear Generating Station, is a "federal enclave." *See Cooper v. Southern California Edison Co.*, 170 Fed. Appx. 496, 497 (9th Cir. 2006) ("SONGS is located within a federal enclave, acquired by the United States in 1941 when it established Camp Pendleton.") (citing *United States v. Fallbrook Pub. Util. Dist.*, 110 F. Supp. 767, 771 (S.D. Cal. 1953)); *Snow v. Bechtel Constr., Inc.*, 647 F. Supp. 1514, 1515-16 (C.D. Cal. 1986) (taking judicial notice of the fact that Camp Pendleton, including SONGS, is located within a federal enclave). In *Stiefel v. Bechtel Corp.*, 497 F. Supp. 2d 1153, 1157 (S.D. Cal. 2007), the District Court explained that "Camp Pendleton is

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

within the exclusive territorial jurisdiction of the United

States . . . . The San Onofre power plant is located within the

reservation on a 60-year easement granted by the Navy Department

in 1964 pursuant to Pub. L. 88-82, 77 Stat. 115." *Id.* at 1154.

(internal citations omitted). Thus, the Court found that the

employee of a government contractor working at SONGS was employed

on a federal enclave, and that the government contractor was not

subject to state laws such as the California Labor Code.[1]

Likewise, because the "federal enclave" doctrine applies to

Plaintiff's claims, this Court has federal question jurisdiction.

RAINE & RAINE LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

---

[1] As the Court explained in *Steifel*, in 1939, California
consented to allow the United States to acquire by purchase or
condemnation any track of land within the state for the purpose
of erecting forts or other needful buildings. (citing Cal.
Stats. 1939, ch. 710, § 1, p. 2231). In 1942, the United States
acquired Camp Pendleton through condemnation. (citing Law
Enforcement at San Onofre Nuclear Generation Plant, 1 Op. Off.
Legal Counsel 204, 204-05 (1977), and Letter from James
Forrestal, Under Secretary of the Navy, to Earl Warren,
California Governor (Sept. 8, 1943) (on file in Official
Recorder's Office of San Diego County, California). In 1963,
Congress authorized the Secretary of the Navy to grant an
easement allowing Southern California Edison Company and San
Diego Gas and Electric Company to construct, operate, and
maintain a nuclear electric generating station in Camp Pendleton
Naval Reservation. (citing Act of July 30, 1963, Pub. L. No. 88-
82, 77 Stat. 115). The U.S. Department of Justice has confirmed
that SONGS is the nuclear generating plant authorized by
Congress. (citing Law Enforcement at San Onofre Nuclear
Generation Plant, supra, 1 Op. Off. Legal Counsel at 204-05).
Jurisdiction over the land for Camp Pendleton was ceded by the
State of California and accepted by the Secretary of the Navy on
behalf of the United States, creating a "federal enclave" no
later than 1942. *Id.* at 1145.

# CONCLUSION

Because Plaintiff's asserted claims arise from conduct allegedly occurring on Marine Corps Base Camp Pendleton, including the San Onofre Nuclear Generating Station, and Camp Pendleton is an exclusive federal enclave, her claims arise under federal law, even though they are pled as arising under California law. Therefore, Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

DATED: May 31, 2011          PAYNE & FEARS LLP


By: _____
        JAMES R. MOSS, JR.

        Attorneys for Defendant
        LINCOLN MILITARY PROPERTY MANAGEMENT,
        INC.

4822-8616-1673, v. 2

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

INDEX OF EXHIBITS

EXHIBIT A:       Second Amended Complaint

EXHIBIT B:       Stipulation to File Second Amended Complaint

EXHIBIT C:       Notice of Acknowledgement of Receipt

EXHIBIT D:       Answer to Complaint

EXHIBIT E:       First Amended Complaint (not served on Defendant)

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

# EXHIBIT A

1    **ENGLISH LLOYD & ARMENTA**
     Juan M. Armenta/150599
2    41750 Rancho Las Palmas Drive
     Building G
3    Rancho Mirage, California 92270
     TEL (760) 340-2777  FAX (760) 340-6895
4
     ATTORNEYS FOR JULE PICKERING
5
                 SUPERIOR COURT OF THE STATE OF CALIFORNIA
6
                        COUNTY OF SAN BERNARDINO
7
     JULIE PICKERING,                    )    CASE NO. CIVMS1000760
8                                         )
                                          )    **SECOND AMENDED COMPLAINT**
9                    Plaintiffs,          )    **FOR THE RECOVERY OF WAGES**
                                          )    **AND CIVIL PENALTIES**
10   v.                                   )
                                          )
11                                        )
     LINCOLN MILITARY PROPERTY            )
12   MANAGEMENT, INC., Does 1 to 50,      )
                                          )
13                                        )
                     Defendants,          )
14                                        )
                                          )
15

16       Plaintiff JULIE PICKERING, for Causes of Action against Defendants LINCOLN

17   MILITARY PROPERTY MANAGEMENT, INC, Does 1 to 50, alleges as follows:

18                                        I.

19              **INTRODUCTORY STATEMENT AND NATURE OF ACTION**

20       1.  This action arises out of unlawful employment practices against Plaintiff JULIE

21   PICKERING (hereinafter referred to as "Plaintiff" or "Pickering") by her employer, Defendants

22   LINCOLN MILITARY PROPERTY MANAGEMENT, INC, Does 1 to 50,, (hereinafter referred

23   to as "Defendant" or "Lincoln"). Pickering brings this action against Lincoln and Does 1

24   through 50 for engaging in a systematic scheme of wage abuse and unlawful employment

                                          1

1  practices, including but not limited to failing to pay Plaintiff overtime wages, failing to provide

2  Plaintiff with proper meal and rest breaks and premium pay for missed breaks, failing to

3  record hours worked and meal periods, and failure to provide itemized wage statements.

4      Reference to "Plaintiff" or "Pickering" means Plaintiff in her individual capacity and in

5  her his ex relatione capacity on behalf of the State of California.  Further, reference to

6  Plaintiff within in each Cause of Action also means similarly situated employees.

7      2.  Pickering seeks to recover, among other things, unpaid wages and benefits,

8  interest, attorneys' fees, penalties, costs and expenses pursuant to the California Labor Code

9  including but not limited to §§ 218.5, 218.6, 226, 226.7, 510, 512 and 1194.

II.

PARTIES, JURISDICTION, AND VENUE

12      3.  Plaintiff is and at all relevant times was a resident of the State of California.

13      4.  Plaintiff is informed and believes and on that basis alleges that Lincoln is and at all

14  relevant times was authorized to do business in the State of California and conducted

15  business in the various locations in the State of California, including the County of San

16  Bernardino, and that it is an employer as defined in and subject to the California Labor Code

17  and the Industrial Welfare Commission ("IWC") Orders.

18      5.  The true names and capacities of the Defendants named as DOES 1 through 50

19  are presently unknown to Plaintiff.  Plaintiff will amend this Complaint, setting forth the true

20  names and capacities of these fictitious Defendants when they are ascertained. Plaintiff is

21  informed and believes and on that basis alleges that each of the fictitious Defendants has

22  participated in the acts alleged in this Complaint.

23      6.  Plaintiff is further informed and believes and thereon alleges that at all relevant

24  times, each Defendant, whether named or fictitious, was the agent or employee of the

1    corporation, or the corporation itself, and in participating in the acts alleged in this Complaint,

2    acted at least in part within the scope of such agency or employment or ratified the acts of

3    the other.

4                                           III.

5                              **GENERAL ALLEGATIONS**

6        7.  Pickering began her employment with Lincoln on or about 01/16/06 and her

7    employment continued until April 28, 2008.  Pickering's employment with Lincoln was

8    continuous during this time period.

9        8.  Lincoln is in the business of providing housing to military personnel along with

10   services for that housing consisting of repairs and maintenance to the dwelling units.

11       9.  Pickering duties included providing maintenance and repair services, inspection of

12   dwelling units and common areas.

13       10.  During her employment, Pickering was frequently unable to take his mandated

14   meal and break periods.  Lincoln specifically required Pickering to forego taking any rest or

15   meal breaks although she would frequently work shifts of such length that the Labor Code

16   mandates rest and meal break periods.

17       11.  During her employment Pickering was often not paid overtime wages for overtime

18   hours worked.

19       12.  During her employment Pickering was often not provided itemized statements of

20   wages, deductions, hours worked and other data as required by Labor Code § 226.

21       13.  During her employment Pickering Lincoln failed to keep records of wages paid,

22   hours worked, meal periods, etc. as required by the Labor Code and IWC Order No. 5-

23   2001(7).

24                                          IV.

                                             3

## FIRST CAUSE OF ACTION

[Failure to Provide Mandated Rest & Meal Periods]

(Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order No. 5, §§ 11 & 12)

14.  Plaintiff alleges and incorporates by this reference paragraphs 1 through 13 inclusive, as though fully set forth herein.

15.  Labor Code § 226.7 requires employers including Defendant to provide to its employees proper meal and rest periods as mandated by IWC Order No. 5-2001.

16.  Labor Code § 512(a) and IWC Order No. 15-2001, provide in part:

> "(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

> (B) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided."

17.  Defendant violated Labor Code §§ 226.7 and 512 and the IWC Orders when it failed to  provide proper meal periods to Plaintiff during the time period Plaintiff worked for Lincoln.

18.  Defendant violated Labor Code § 226.7 and the IWC Orders when it failed to provide proper rest periods to Plaintiff.

V.

4

## SECOND CAUSE OF ACTION

[Failure to Pay Premium Wages]

19.   Plaintiff alleges and incorporates by this reference paragraphs 1 through 18 inclusive, as though fully set forth herein.

20.   Pursuant to Labor Code § 226.7(b) and IWC Order No. 5-2001, § 11(B), Defendant is required to pay Plaintiff one additional hour of pay at the employee's regular rate of compensation for each day that the meal period is not provided.  Defendant has not done so.

21.   Pursuant to Labor Code § 226.7(b) and IWC Order No. 5-2001, § 12(B), Defendant is required to pay Plaintiff one additional hour of pay at the employee's regular rate of compensation for each day that the rest period is not provided.  Defendant has not done so.

22.   As a result of Defendant's failure to pay Plaintiff an additional hour of pay for each day a meal period was not provided, Plaintiff suffered and continues to suffer a loss of wages and compensation, all in an amount to be shown according to proof at trial and within the jurisdiction of this Court.

23.   As a result of Defendant's failure to pay Plaintiff an additional hour of pay for each day a rest break period was not provided, Plaintiff suffered and continues to suffer a loss of wages and compensation, all in an amount to be shown according to proof at trial and within the jurisdiction of this Court.

24.     In committing the violations of state law as herein alleged, Defendant has knowingly and willfully refused to perform its obligations to compensate Plaintiff for all wages earned and all hours worked. As a direct result, Plaintiff has suffered and continues to suffer substantial losses related to the use and enjoyment of such monies, lost interest on such

1   monies and expenses and attorney's fees in seeking to compel Defendant to fully perform its

2   obligation under state law, all to his respective damage in amounts according to proof at trial

3   and within the jurisdiction of this Court.

4       25.  Additionally, Plaintiff seeks interest on all due and unpaid wages pursuant to

5   Labor Code § 218.6.

6                                     V.

7                       **THIRD CAUSE OF ACTION**

8               [Failure to Record Wages, Hours and Meal Periods]

9       26.  Plaintiff incorporates paragraphs 1 through 24 above.

10      27.  The Labor Code and IWC Order No. 5-2001 require an employer to record wages

11  paid, hours worked and meal periods and to keep such records for a period of three years.

12      28.  Lincoln failed to keep records as required by the Labor Code and IWC Order No.

13  5-2001.

14      29.  As a result of the failure to keep records Plaintiff has been denied the opportunity

15  to review and have proof of wages paid, hours worked and meal periods.  In addition, the

16  State of California has also been denied the opportunity to review and have proof of wages

17  paid, hours worked and meal periods.  Both render Defendants subject to civil penalties.

18                                    VI.

19                      **FOURTH CAUSE OF ACTION**

20                 [Failure to Provide Itemized Statements]

21      30.  Plaintiff incorporates paragraphs 1 through 29 above.

22      31.  Labor Code § 226 requires an employer to provide to an employee a wages

23  statement providing, among other things, wages paid, rate of pay, regular and overtime,

24  hours worked and deductions made.

6

1    32.  Lincoln failed to provide wages statements to Plaintiff as required by the Labor

2    Code.

3    33.  As a result of the failure to keep records Plaintiff has been denied the opportunity

4    to review and have proof of wages paid, rate of pay, regular and overtime, hours worked and

5    deductions made and Plaintiff is entitled to the relief identified in Labor Code § 226(e),

6    including penalties and attorney fees.

7                                            VI.

8                                 FIFTH CAUSE OF ACTION

9                                  [Failure to Pay Overtime]

10   34.  Plaintiff incorporates paragraphs 1 through 33 above.

11   35.  Labor Code § 510 provides that a day's work is eight hours and that all hours

12   worked in excess of eight hours per day must be paid at overtime rates.

13   36.  Plaintiff worked hours that should have been compensated at overtime rates.

14   Plaintiff was frequently not paid overtime rates for her overtime hours worked.

15   37.  Pursuant to Labor Code § 1194 Plaintiff is entitled to bring an action to recover

16   the overtime wages and in addition to wages is entitled to interest, costs and attorney fees.

17                                           VII.

18                                SIXTH CAUSE OF ACTION

19                            [Private Attorney General Act of 2004]

20   38.  Plaintiff incorporates paragraphs 1 through 37 above.

21   39.  The Labor & Workforce Development Agency LDWA) is an agency of the

22   executive branch of the State of California.  It is empowered to enforce the labor laws of

23   California and generally executes that enforcement by a subdivision named the Division of

24   Labor Standards Enforcement (DLSE).

7

40.  On January 1, 2004, the Private Attorney General Act of 2004 ("PAGA") became effective.  It states in relevant part,

> "Notwithstanding any other provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3."

41.  Lincoln at all times relevant to this complaint was a corporation operating within the State of California.  At all times relevant to this complaint Lincoln employed dozens of employees in the State of California, making it subject to the labor laws of the State of California and subject to the jurisdiction of this court.

42.  Pickering, an adult resident of the State of California, was an employee of Lincoln during 2009 in Palm Springs, California, and within the jurisdiction and venue of this court.

43.  On October 12, 2009, pursuant to Labor Code § 2699.3(a)(1), the LWDA was provided notice of an intention to commence an action pursuant to the Private Attorney General Act of 2004 to recover civil penalties on behalf of the LWDA for violations by Lincoln of Labor Code §§ 226.7, 512, and associated IWC Orders, and provided the facts and theories to support the alleged violations.  This notice was provided by certified mail as required by Labor Code § 2699.3(a)(1), Octoebr 12, 2009, to both defendants and the LWDA.  On December 8, 2009, the LDWA advised Pickering that it would not proceed and that Pickering as the Relator could proceed on behalf of the LWDA.

44.  As to Relator and similarly situated employees, Lincoln has failed to:

- provide meal and rest breaks as required by Labor Code § 226.7 and 512;

1      •     failed to pay premium wages for missed meal and rest breaks as required by

2           Labor Code § 226.7 and 812;

3      •     failed to pay overtime as required by Labor Code § 510, 1194;

4      •     failed to maintain records of hours and meal periods in violation of Labor Code

5           226;

6      •     failed to provide itemized statements to employees in violation of Labor Code §

7           226;.

8      A civil penalty is assessable for each violation per PAGA and relevant Labor Code

9 sections which Relator seeks on behalf of the LWDA per PAGA.

10                              VI.

11                         **SEVENTH CAUSE OF ACTION**

12              [Violation of Bus. & Prof. Code § 17200 et Seq.]

13     45. Plaintiff incorporates paragraphs 1 through 48 above.

14     46. Defendant's failure to pay wages for missed meal and rest periods in violation of

15 California Law (Labor Code §§ 226.7(b), 510, 512 and Industrial Welfare Commission Wage

16 Order No. 7 constitutes an unlawful business act and practice in violation of Business &

17 Professions Code § 17200 et seq.

18     47. Pursuant to Business and Professions Code § 17200 et seq., Plaintiff and the

19 class members are entitled to restitution of the unpaid wages under Labor Code § 226.7, 510

20 and 512 withheld and retained by defendants during a period that commences four years

21 prior to the filing of this action and continuing at least through the date judgement is entered

22 in this action.

23     48. Plaintiff seeks restitution of all unpaid wages, waiting time wages, a permanent

24 injunction requiring defendants to afford meal and rest breaks and pay for missed meal

1 periods, interest, an award of attorney's fees pursuant to Code of Civil Procedure § 1021.5

2 and other applicable law, and costs.

### VII.

### CLASS ALLEGATIONS

5    49.  This action has been brought and may properly be maintained as a class action

6 pursuant to the provisions of CCP § 382 and other applicable law, because there is a

7 well-defined community of interest in the litigation and the proposed class is ascertainable.

8    50.  The proposed class that Plaintiff seeks to represent is composed of current and

9 former employees of Lincoln within California at any time beginning four years preceding the

10 filing of this complaint holding any position in which they acted as a elder health care

11 provider.

12    51.  There is a well defined community of interest in the litigation and the class is

13 ascertainable:

14    a.  Numerosity: The plaintiff class is so numerous that the individual joinder of all

15 members is impractical under the circumstances of this case. While the exact number of

16 class members is unknown to Plaintiff at this time, Plaintiff is informed and believes and

17 thereon alleges that in California well over twenty current and former employees of Lincoln

18 were denied meal and rest breaks and were not compensated for missed meal breaks and

19 have not had records regarding hours worked and meal periods maintained.

20    b.  Common questions predominate: Common questions of law and fact exist as to all

21 members of the plaintiff class and predominate over any questions that affect only individual

22 members of the class. The common questions of law and fact include, but are not limited to:

23

24

i)  Whether defendants' practice of not affording rest breaks to employees who share common classifications, duties, responsibilities was unlawful and violative of the California Labor Code and Industrial Welfare Commission orders;

ii)  Whether defendants' practice of not affording meal breaks to employees who share common classifications, duties, responsibilities was unlawful and violative of the California Labor Code and Industrial Welfare Commission orders;.

iii)  Whether defendants' practice of not paying for missed rest breaks to employees who share common classifications, duties, responsibilities and violative of the California Labor Code and Industrial Welfare Commission orders;

iv)  Whether defendants' practice of not paying for missed meal breaks to employees who share common classifications, duties, responsibilities and violative of the California Labor Code and Industrial Welfare Commission orders;

v) Whether the retention of the wages due the employees who share common classifications, duties, responsibilities was intentional;

vi) Whether records were kept regarding hours worked and meal periods;

vii) Whether the failure to keep records hours worked and meal periods was intentional;

viii) Whether itemized statement were provided to employees;

ix) Whether employees were systematically paid less than minimum wage and whether this was a design or plan by management;

x) Whether employees hours were set so as to merit overtime pay;

xi) Whether employees were systematically not paid overtime when merited and whether this was a design or plan by management.

c.  Typicality: Plaintiff's claims are typical of the claims of the class members. Plaintiff and the members of the class sustained damages arising out of defendants' common practice of failing to afford rest and meal breaks, failing to pay for missed meal and rest periods and failure to keep records.  Plaintiff, like the other class members, routinely worked more than six hours per day and was not afforded rest or meal breaks and was not paid for missed meal periods.  Plaintiff performed the same general duties and had the same general responsibilities as the other class members.  Each of the claims of individuals does not exceed $75,000.00.

d.  Adequacy: Plaintiff will fairly and adequately protect the interests of the members of the class. Plaintiff has no interest that is adverse to the interests of the other class members.

e.  Superiority: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Because individual joinder of all members of the class is impractical, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. The expenses and burdens of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while important public interests will be served by addressing the matter as a class action. The cost to and burden on the court system of adjudication of individualized litigation would be substantial, and substantially more than the costs and burdens of a class action. Individualized litigation would also prevent the potential for inconsistent or contradictory judgments.

12

1    f.  Public Policy Consideration: Employers throughout the state violate wage and hour

2    laws. Current employees are often afraid to assert their rights out of fear of direct or indirect

3    retaliation. Former employees are fearful of bringing actions because they perceive their

4    former employers can blacklist them in their future endeavors through negative references

5    and by other means. Class actions provide the class members who are not named in the

6    complaint with a type of anonymity that allows for vindication of their rights.

7         WHEREFORE, Plaintiff prays for relief as follows:

8         1.  For all unpaid wages under Labor Code § 226.7(b), 510, 512, and 1194, in a sum

9    for each individual not to exceed $75,000.00;

10        2.  For reasonable attorney fees, cost of suit, and interest to the extent permitted by

11   law, including but not limited to PAGA and Labor Code §§ 218.5, 218.6, 226, 510, 512, 1194

12   and Code of Civil Procedure § 1021.5;

13        3.  For interest pursuant to Labor Code § 218.6;

14        4.  For restitution per Business & Professions Code § 17200 et seq.

15        5.  For a permanent injunction per Business & Professions Code § 17200 et seq.

16        6.  For civil penalties per PAGA;

17        7.  For class certification of this action as a class action, appointment of Plaintiff as the

18   class representative and for Plaintiff's counsel to be confirmed as class counsel;

19        8.  For such other relief as the deemed just and proper;

20   Dated: April 21, 2011                    Respectfully submitted,

21                                            ENGLISH LLOYD & ARMENTA

22

23                                            Juan M. Armenta

24



## Superior Court of California
### County of Riverside

### PUBLIC NOTICE

### NEW CIVIL LAW AND MOTION HEARING
### DATE ON-LINE RESERVATION SYSTEM

Effective Monday, April 11, 2011, a new automated on-line system for reserving civil law and motion hearing dates will become operational in the western and mid-county regions, to be followed in the near future in the desert region.

With the exception of unlawful detainer and small claims cases, a civil law and motion hearing date can now be reserved on-line through the court's website. Attorneys and litigants will enter the case number and type of motion with a short title or description and then reserve a hearing date.

The only fee charged is the motion filing fee in accordance with statute. There are no additional fees to use this reservation system. The court accepts Visa, MasterCard, Discover, and American Express as forms of payment. A receipt with a confirmation number is available for printing.

Once a motion hearing date is reserved through the system, parties must serve and file the motion papers with the court pursuant to statute. Upon the filing of the motion and any related documents with the court, the reserved motion hearing date will be confirmed.

This convenient new service is available 24 hours a day, seven days a week. For further information, please visit the court's website at www.riverside.courts.ca.gov and go to on-line services.

Sherri R. Carter

Court Executive Officer
and Clerk of Court



## COURT NOTICE UPDATE



Note: Overnite Express and ASAP Legal are now Norco Delivery Services.

SUPERIOR COURT: COUNTY OF LOS ANGELES
COURTESY COPIES REQUESTED
POSTED: 02/01/11

# NOTICE TO ATTORNEYS

Los Angeles Superior Court
Los Angeles County
www.lasuperiorcourt.org
Contact: Public Information Office 213-974-5227
Acting Public Information Officer: Mary Hearn

### Feb. 1, 2011

## 'COURTESY' COPIES REQUESTED FOR CIVIL FILINGS AT STANLEY MOSK COURTHOUSE

### Effective Feb. 1, 2011

Due to the large volume of civil documents that are filed at the Stanley Mosk Courthouse and the imaging process that follows, it is requested that courtesy copies of all documents filed seven (7) days or less before the hearing date be delivered directly to the assigned courtroom.

All pleadings should continue to be filed in Room 102 except as otherwise required. Courtesy copies should be conformed before delivery to the courtroom.

Delivering courtesy copies to courtrooms will avoid delays and ensure the Court has the opportunity to review all filed documents in a timely fashion.

# # #



## COURT NOTICE UPDATE



SUPERIOR COURT: ORANGE COUNTY

NEW REQUIREMENTS: WRIT OF EXECUTION

POSTED: 1/3/2010



# Superior Court of California
# County of Orange

CIVIL MANAGEMENT

CIVIL OPERATIONS
(657) 622-6878

FAMILY LAW OPERATIONS
(657) 622-6069

December 30, 2010

## NEW REQUIREMENT FOR WRIT OF EXECUTION AND WRIT OF POSSESSION OR SALE

Effective January 1, 2011, writs of execution and writs of possession or sale must include a statement indicating whether the case is limited civil or unlimited civil. The designation of "limited" or "unlimited" may be added in the case number field of the writ of execution or writ of possession or sale.  The designation for small claims actions should be "limited."

This requirement is a result of the passage of Assembly Bill 2394 (Ch. 680) which includes amendments to Code of Civil Procedure sections 699.520 and 712.020.

Exhibit A, Page 26

# EXHIBIT "B"

1    **ENGLISH LLOYD & ARMENTA**
     Juan M. Armenta/150599
2    41750 Rancho Las Palmas Drive
     Building G
3    Rancho Mirage, California 92270
     TEL (760) 340-2777  FAX (760) 340-6895
4
     ATTORNEYS FOR JULE PICKERING
5
                SUPERIOR COURT OF THE STATE OF CALIFORNIA
6
                        COUNTY OF SAN BERNARDINO
7
8    JULIE PICKERING,                    )    CASE NO. CIVMS1000760
                                         )
9                                        )    **STIPULATION TO FILE THE SECOND**
                    Plaintiffs,          )    **AMENDED COMPLAINT**
10                                       )
     v.                                  )
11                                       )
                                         )
12   LINCOLN PROPERTY COMPANY, Does 1 to )
     50,                                 )
13                                       )
                                         )
14                  Defendants,          )
                                         )
15   _____ )

16        Counsel for Plaintiff and counsel for defendant Lincoln Military Property Management,

17   Inc., erroneously sued as "Lincoln Property Company", stipulate that Plaintiff may file a

18   Second Amended Complaint so as to correct the erroneous identification.

19   Dated: April 21, 2011

20                                            _____
                                             Juan M. Armenta
21                                           Attorney for Plaintiff

21   Dated: 5/2/11

22                                           _____
                                             James R. Moss
23                                           Attorney for Lincoln Military Property
                                             Management, Inc.
24

                                      1

# EXHIBIT "C"

POS-015

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Juan M. Armenta/150599, English Lloyd & Armenta<br>41750 Rancho Las Palmas Drive, Building G<br>Rancho Mirage, CA 92270<br>TELEPHONE NO.: 760.340.2777   FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Julie Pickering | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Bernardino
STREET ADDRESS: 4527 Whitefeather Road
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, CA 92252
BRANCH NAME: Joshua Tree

PLAINTIFF/PETITIONER: Julie Pickering

DEFENDANT/RESPONDENT: Lincoln Property Company

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CIVMS1000760 |
|---|---|

TO *(insert name of party being served):* Lincoln Military Property Management, Inc.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 21 APR 11

Juan M. Armenta
_____          ►_____
(TYPE OR PRINT NAME)                              (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [✔] A copy of the summons and of the complaint.
2. [ ] Other *(specify):*

*(To be completed by recipient):*

Date this form is signed: 5/2/2011

_____          ►_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,       (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                        ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1
Form Adopted for Mandatory Use                **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**                Code of Civil Procedure,
Judicial Council of California                                                                       §§ 415.30, 417.10
POS-015 [Rev. January 1, 2005]                                                                       www.JuriSearch.com

Exhibit C, Page 28

# EXHIBIT "D"

FILED ON DEMAND

1   James L. Payne, Bar No. 107021
    E-Mail: jlp@paynefears.com
2   James R. Moss, Jr., Bar No. 196725
    E-Mail: jrm@paynefears.com
3   PAYNE & FEARS LLP
    4 Park Plaza, Suite 1100
4   Irvine, CA 92614
    Telephone: (949) 851-1100
5   Facsimile: (949) 851-1212

6   Attorneys for Defendant
    Lincoln Military Property Management, Inc.   *erroneously sued*
7   *Lincoln Property Company*

F I L E D
MAY 3 1 2011
By *LEARNEST* Dep. Clerk
SAN BERNARDINO COUNTY
SUPERIOR COURT, JOSHUA TREE DISTRICT

8

9        SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              COUNTY OF SAN BERNARDINO

11

12   JULIE PICKERING,                    CASE NO.  CIVMS1000760

13        Plaintiff,                     Assigned for all purposes to
                                         The Hon. Frank Gafkowski
14   v.                                  Dept. M-4

15   LINCOLN MILITARY PROPERTY           ANSWER OF DEFENDANT LINCOLN
     MANAGEMENT, INC.; DOES 1 to 50,     MANAGEMENT PROPERTY INC.
16                                       TO PLAINTIFF'S SECOND
          Defendants.                    AMENDED COMPLAINT

17                                       Action Filed: October 7, 2010

18                                           *erroneously*
19                                           *sued as*
20                                           *Lincoln Property*
                                             *Company*
21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

Answer of Defendant Lincoln Military Property Management, Inc.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1      Lincoln Military Property Management, Inc., a Delaware corporation, for itself and

2  for no other defendant, denies, generally and specifically, each and every allegation contained in

3  the Complaint for Damages filed herein by Plaintiff Julie Pickering ("Plaintiff"). Defendant

4  further denies, generally and specifically, that Plaintiff has been damaged in any sum, or at all, by

5  reason of any act or omission on the part of Defendant or on the part of any agent or employee of

6  Defendant, or any of them.

7

8                        **AFFIRMATIVE DEFENSES**

9

10                  **FIRST AFFIRMATIVE DEFENSE**

11                     **(Statute of Limitations)**

12

13      1.    Plaintiff's claims are barred in whole or in part by the applicable statutes of

14  limitation, including but not limited to Code of Civil Procedure sections 338 and 340, and

15  California Labor Code section 203, to the extent that Plaintiff has stated valid claims to which

16  those provisions apply.

17

18                **SECOND AFFIRMATIVE DEFENSE**

19         **(Failure to Exhaust Administrative Remedies)**

20

21      2.    Plaintiff's claims are barred in whole or in part because Plaintiff failed to satisfy

22  the procedural prerequisites prior to filing the action or to exhaust available statutory or

23  administrative remedies in a timely manner, including her administrative remedies before the

24  California Labor Workforce Development Agency.

25

26

27

28

-2-

Exhibit D, Page 30

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

## THIRD AFFIRMATIVE DEFENSE

### (Proper Compensation)

3.    Plaintiff's claims are barred in whole or in part because at all times mentioned in the Complaint, Plaintiff was compensated properly pursuant to the requirements contained in the California Labor Code and the Wage Orders of the California Industrial Welfare Commission and/or applicable federal law.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Perform Services)

4.    Plaintiff's claims are barred in whole or in part because Plaintiff failed to perform services which Plaintiff agreed to perform for her employer and did not use ordinary care and diligence in carrying out those services.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Comply With Employer's Directions)

5.    Plaintiff's claims are barred in whole or in part because Plaintiff failed to comply substantially with all directions of her employer concerning the services for which Plaintiff was engaged, including directions regarding meal and rest periods and overtime.

## SIXTH AFFIRMATIVE DEFENSE

### (Good Faith Belief)

6.    Plaintiff's claims are barred in whole or in part because any decisions made by Defendant with respect to Plaintiff's employment, meal breaks and rest periods and wages were made in good faith and reasonably based on the facts and the law as Defendant understood them.

-3-

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### SEVENTH AFFIRMATIVE DEFENSE

**(Legitimate Business Reason)**

7.   Plaintiff's claims are barred in whole or in part because each employment action of which Plaintiff complains, if it occurred at all, was taken for legitimate business reasons that did not violate public policy or any statutory prohibition.

### EIGHTH AFFIRMATIVE DEFENSE

**(Justification)**

8.   Plaintiff's claims are barred in whole or in part because Defendant's actions with respect to the subject matter in each of the alleged causes of action were undertaken in good faith and for good cause, with the absence of malicious intent to injure Plaintiff, and constitute lawful, proper and justified means to further Defendant's purpose to engage in and continue its business activities.

### NINTH AFFIRMATIVE DEFENSE

**(Good Faith)**

9.   The Complaint, and each cause of action contained therein, is barred on the ground that Defendant acted in good faith conformity with and reliance on regulations, orders, rulings, interpretations, practices or policies of the Wage and Hour Division of the United States Department of Labor, the California Industrial Welfare Commission, and the California Division of Labor Standards Enforcement.

Exhibit D, Page 32

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

## TENTH AFFIRMATIVE DEFENSE

### (No Ratification)

10.     Defendant is not liable for damages because if any person engaged in intentional, willful or unlawful conduct as alleged in Plaintiff's Complaint, he or she did so without the knowledge, authorization or ratification of Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Basis for Class Certification)

11.     The Complaint, and each alleged cause of action therein, is not proper for treatment as a class action because, among other reasons: (a) Plaintiff has not identified an ascertainable class; (b) Plaintiff is an inadequate representative of the purported class; (c) Plaintiff cannot establish typicality of claims; (d) Plaintiff cannot establish sufficient numerosity in the putative class; and (d) the individualized nature of the putative class's claims makes class treatment inappropriate.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

12.     Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate damages as required by law.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

13.     Plaintiff's losses, if any, are speculative and uncertain or both, and therefore not compensable.

-5-

Exhibit D, Page 33

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Penalties or Liquidated Damages)

14.    Each claim for penalties or liquidated damages contained within the Complaint is barred on the grounds that penalties are not authorized to be added to penalties and that the acts or omissions alleged by Plaintiff were made in good faith by Defendant, and Defendant had reasonable grounds for believing that the alleged acts or omissions were not in violation of the law.  Consequently, Plaintiff is not entitled to penalties, and the amounts claimed by plaintiff are barred accordingly.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Federal Enclave Doctrine)

15.    Plaintiffs' Complaint, and each cause of action alleged therein, is barred by the federal enclave doctrine.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Causation by Plaintiff)

16.    Plaintiff's claims are barred in whole or in part because any damages or injuries that Plaintiff allegedly suffered were caused by Plaintiff's own conduct and actions, and not because of any unlawful conduct or actions by Defendant.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

Exhibit D, Page 34

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Attorney Fees)

17.    Plaintiff's request for attorney fees is barred, in whole or in part, because Plaintiff has not alleged the violation of any contract or statute for which recovery of attorney fees is authorized.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

18.    Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands because of Plaintiff's conduct and actions.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

19.    Plaintiff's claims are barred in whole or in part because Plaintiff is estopped from asserting each of the claims alleged therein by her own conduct.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Waiver)

20.    Plaintiff's claims are barred in whole or in pa because Plaintiff has waived the right to assert each of the claims alleged herein, by reason of her conduct and actions.

Exhibit D, Page 35

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Laches)

21.   Plaintiff's claims are barred in whole or in part by the doctrine of laches.

WHEREFORE, Defendant prays for judgment as follows:

1.   That judgment be entered in favor of Defendant and against Plaintiff;

2.   That the Complaint herein be dismissed in its entirety with prejudice;

3.   That Defendant be awarded its costs of suit herein;

4.   That Defendant be awarded reasonable attorneys' fees as determined by the Court; and

5.   For such other and further relief as the Court may deem just and proper.

DATED: May 31, 2011          PAYNE & FEARS LLP

By: _____
                JAMES R. MOSS, JR.

Attorneys for Defendant
LINCOLN MILITARY PROPERTY
MANAGEMENT, INC.

4825-4483-2521, v. 1

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

-8-

**PROOF OF SERVICE**

Julie Pickering v. Lincoln Property Company, et al.
San Bernardino Superior Court, Joshua Tree Branch, Case No. CIVMS1000760

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California.  I am over the age of 18 years and am not a party to the within action; my business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On May 31, 2011, I served the following document(s) described as **ANSWER OF DEFENDANT LINCOLN MILITARY PROPERTY MANAGEMENT, INC. TO PLAINTIFF'S COMPLAINT** on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

Juan M. Armenta                          Attorneys For Plaintiff JULIE
Attorney at Law                          PICKERING
English Lloyd & Armenta                  Tel:  (760) 340-2777
41750 Rancho Las Palmas Drive            Fax: (760) 340-6895
Building G
Rancho Mirage, CA  92270

☒    **(BY U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.  I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California.

☒    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 31, 2011, at Irvine, California.

GINA M. SQUITIERI

4842-9670-2985.1

PROOF OF SERVICE

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

# EXHIBIT E

1    **ENGLISH LLOYD & ARMENTA**
     Juan M. Armenta/150599
2    74075 El Paseo Drive, Suite C5
     Palm Desert, California 92260
3
     TEL (760) 340-2777  FAX (760) 340-6895
4

5    ATTORNEYS FOR JULE PICKERING

6                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
7
                          COUNTY OF SAN BERNARDINO
8

9
     JULIE PICKERING,                    )    CASE NO. CIVMS1000760
10                                       )
                                         )    **FIRST AMENDED COMPLAINT FOR**
11              Plaintiffs,              )    **THE RECOVERY OF WAGES AND**
                                         )    **CIVIL PENALTIES**
12   v.                                  )
                                         )
13                                       )
     LINCOLN PROPERTY COMPANY, Does 1 to )
14   50,                                 )
                                         )
15                                       )
                Defendants,              )
16                                       )
                                         )
17   _____ )

18         Plaintiff JULIE PICKERING, for Causes of Action against Defendants LINCOLN

19   PROPERTY COMPANY, Does 1 to 50, alleges as follows:

20                                       I.

21              INTRODUCTORY STATEMENT AND NATURE OF ACTION

22         1. This action arises out of unlawful employment practices against Plaintiff JULIE

23   PICKERING (hereinafter referred to as "Plaintiff" or "Pickering") by her employer, Defendants

24   LINCOLN PROPERTY COMPANY, Does 1 to 50,, (hereinafter referred to as "Defendant" or

                                         1

1   "Lincoln). Pickering brings this action against Lincoln and Does 1 through 50 for engaging in

2   a systematic scheme of wage abuse and unlawful employment practices, including but not

3   limited to failing to pay Plaintiff overtime wages, failing to provide Plaintiff with proper meal

4   and rest breaks and premium pay for missed breaks, failing to record hours worked and meal

5   periods, and failure to provide itemized wage statements.

6          Reference to "Plaintiff" or "Pickering" means Plaintiff in her individual capacity and in

7   her his ex relatione capacity on behalf of the State of California.  Further, reference to

8   Plaintiff within in each Cause of Action also means similarly situated employees.

9          2.  Pickering seeks to recover, among other things, unpaid wages and benefits,

10  interest, attorneys' fees, penalties, costs and expenses pursuant to the California Labor Code

11  including but not limited to §§ 218.5, 218.6, 226, 226.7, 510, 512 and 1194.

II.

**PARTIES, JURISDICTION, AND VENUE**

14         3.  Plaintiff is and at all relevant times was a resident of the State of California.

15         4.  Plaintiff is informed and believes and on that basis alleges that Lincoln is and at all

16  relevant times was authorized to do business in the State of California and conducted

17  business in the various locations in the State of California, including the County of San

18  Bernardino, and that it is an employer as defined in and subject to the California Labor Code

19  and the Industrial Welfare Commission ("IWC") Orders.

20         5.  The true names and capacities of the Defendants named as DOES 1 through 50

21  are presently unknown to Plaintiff.  Plaintiff will amend this Complaint, setting forth the true

22  names and capacities of these fictitious Defendants when they are ascertained. Plaintiff is

23  informed and believes and on that basis alleges that each of the fictitious Defendants has

24  participated in the acts alleged in this Complaint.

2

1    6. Plaintiff is further informed and believes and thereon alleges that at all relevant

2    times, each Defendant, whether named or fictitious, was the agent or employee of the

3    corporation, or the corporation itself, and in participating in the acts alleged in this Complaint,

4    acted at least in part within the scope of such agency or employment or ratified the acts of

5    the other.

6                                         III.

7                          **GENERAL ALLEGATIONS**

8    7.    Pickering began her employment with Lincoln on or about 01/16/06 and her

9    employment has continued.  Pickering's employment with Lincoln was continuous during this

10   time period.

11   8. Lincoln is in the business of providing housing to military personnel along with

12   services for that housing consisting of repairs and maintenance to the dwelling units.

13   9. Pickering duties included providing maintenance and repair services, inspection of

14   dwelling units and common areas.

15   10. During hers employment, Pickering was frequently unable to take his mandated

16   meal and break periods.  Lincoln specifically required Pickering to forego taking any rest or

17   meal breaks although he would frequently work shifts of such length that the Labor Code

18   mandates rest and meal break periods.

19   11. During her employment Pickering was often not paid overtime wages for overtime

20   hours worked.

21   12. During her employment Pickering was often not provided itemized statements of

22   wages, deductions, hours worked and other data as required by Labor Code § 226.

23

24

3

1    13. During her employment Pickering Lincoln failed to keep records of wages paid,

2  hours worked, meal periods, etc. as required by the Labor Code and IWC Order No. 5-

3  2001(7).

4                                    IV.

5                          FIRST CAUSE OF ACTION

6              [Failure to Provide Mandated Rest & Meal Periods]

7  (Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order No. 5, §§ 11 & 12)

8    14. Plaintiff alleges and incorporates by this reference paragraphs 1 through 13

9  inclusive, as though fully set forth herein.

10    15. Labor Code § 226.7 requires employers including Defendant to provide to its

11  employees proper meal and rest periods as mandated by IWC Order No. 5-2001.

12    16. Labor Code § 512(a) and IWC Order No. 15-2001, provide in part:

13           "(A) No employer shall employ any person for a work period of
             more than five (5) hours without a meal period of not less than 30
14           minutes, except that when a work period of not more than six (6)
             hours will complete the day's work the meal period may be waived
15           by mutual consent of the employer and employee. Unless the
             employee is relieved of all duty during a 30 minute meal period,
16           the meal period shall be considered an "on duty" meal period and
             counted as time worked. An "on duty" meal period shall be
17           permitted only when the nature of the work prevents an employee
             from being relieved of all duty and when by written agreement
18           between the parties an on-the-job paid meal period is agreed to.
             The written agreement shall state that the employee may, in
19           writing, revoke the agreement at any time.

20           (B) If an employer fails to provide an employee a meal period in
             accordance with the applicable provisions of this Order, the
21           employer shall pay the employee one (1) hour of pay at the
             employee's regular rate of compensation for each work day that
22           the meal period is not provided."

23    17. Defendant violated Labor Code §§ 226.7 and 512 and the IWC Orders when it

24  failed to  provide proper meal periods to Plaintiff during the time period Plaintiff worked for

                                    4

1   Lincoln.

2      18. Defendant violated Labor Code § 226.7 and the IWC Orders when it failed to

3   provide proper rest periods to Plaintiff.

4                              V.

5                   **SECOND CAUSE OF ACTION**

6               [Failure to Pay Premium Wages]

7      19. Plaintiff alleges and incorporates by this reference paragraphs 1 through 18

8   inclusive, as though fully set forth herein.

9      20. Pursuant to Labor Code § 226.7(b) and IWC Order No. 5-2001, § 11(B),

10   Defendant is required to pay Plaintiff one additional hour of pay at the employee's regular

11   rate of compensation for each day that the meal period is not provided. Defendant has not

12   done so.

13      21. Pursuant to Labor Code § 226.7(b) and IWC Order No. 5-2001, § 12(B),

14   Defendant is required to pay Plaintiff one additional hour of pay at the employee's regular

15   rate of compensation for each day that the rest period is not provided. Defendant has not

16   done so.

17      22. As a result of Defendant's failure to pay Plaintiff an additional hour of pay for each

18   day a meal period was not provided, Plaintiff suffered and continues to suffer a loss of wages

19   and compensation, all in an amount to be shown according to proof at trial and within the

20   jurisdiction of this Court.

21      23. As a result of Defendant's failure to pay Plaintiff an additional hour of pay for each

22   day a rest break period was not provided, Plaintiff suffered and continues to suffer a loss of

23   wages and compensation, all in an amount to be shown according to proof at trial and within

24   the jurisdiction of this Court.

5

1    24. .  In committing the violations of state law as herein alleged, Defendant has

2    knowingly and willfully refused to perform its obligations to compensate Plaintiff for all wages

3    earned and all hours worked. As a direct result, Plaintiff has suffered and continues to suffer

4    substantial losses related to the use and enjoyment of such monies, lost interest on such

5    monies and expenses and attorney's fees in seeking to compel Defendant to fully perform its

6    obligation under state law, all to his respective damage in amounts according to proof at trial

7    and within the jurisdiction of this Court.

8    25. Additionally, Plaintiff seeks interest on all due and unpaid wages pursuant to

9    Labor Code § 218.6.

10                                    V.

11                          THIRD CAUSE OF ACTION

12              [Failure to Record Wages, Hours and Meal Periods]

13    26.  Plaintiff incorporates paragraphs 1 through 24 above.

14    27.  The Labor Code and IWC Order No. 5-2001 require an employer to record wages

15    paid, hours worked and meal periods and to keep such records for a period of three years.

16    28.  Lincoln failed to keep records as required by the Labor Code and IWC Order No.

17    5-2001.

18    29.  As a result of the failure to keep records Plaintiff has been denied the opportunity

19    to review and have proof of wages paid, hours worked and meal periods.  In addition, the

20    State of California has also been denied the opportunity to review and have proof of wages

21    paid, hours worked and meal periods.  Both render Defendants subject to civil penalties.

22                                    VI.

23                          FOURTH CAUSE OF ACTION

24              [Failure to Provide Itemized Statements]

6

1    30.  Plaintiff incorporates paragraphs 1 through 29 above.

2    31.  Labor Code § 226 requires an employer to provide to an employee a wages

3  statement providing, among other things, wages paid, rate of pay, regular and overtime,

4  hours worked and deductions made.

5    32.  Lincoln failed to provide wages statements to Plaintiff as required by the Labor

6  Code.

7    33.  As a result of the failure to keep records Plaintiff has been denied the opportunity

8  to review and have proof of wages paid, rate of pay, regular and overtime, hours worked and

9  deductions made and Plaintiff is entitled to the relief identified in Labor Code § 226(e),

10  including penalties and attorney fees.

11                                        VI.

12                           FIFTH CAUSE OF ACTION

13                              [Failure to Pay Overtime]

14    34.  Plaintiff incorporates paragraphs 1 through 33 above.

15    35.  Labor Code § 510 provides that a day's work is eight hours and that all hours

16  worked in excess of eight hours per day must be paid at overtime rates.

17    36.  Plaintiff worked hours that should have been compensated at overtime rates.

18  Plaintiff was frequently not paid overtime rates for her overtime hours worked.

19    37.  Pursuant to Labor Code § 1194 Plaintiff is entitled to bring an action to recover

20  the overtime wages and in addition to wages is entitled to interest, costs and attorney fees.

21                                        VII.

22                           SIXTH CAUSE OF ACTION

23                      [Private Attorney General Act of 2004]

24    38.  Plaintiff incorporates paragraphs 1 through 37 above.

7

39. The Labor & Workforce Development Agency LDWA) is an agency of the executive branch of the State of California. It is empowered to enforce the labor laws of California and generally executes that enforcement by a subdivision named the Division of Labor Standards Enforcement (DLSE).

40. On January 1, 2004, the Private Attorney General Act of 2004 ("PAGA") became effective. It states in relevant part,

> "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3."

41. Lincoln at all times relevant to this complaint was a corporation operating within the State of California. At all times relevant to this complaint Lincoln employed dozens of employees in the State of California, making it subject to the labor laws of the State of California and subject to the jurisdiction of this court.

42. Pickering, an adult resident of the State of California, was an employee of Lincoln during 2009 in Palm Springs, California, and within the jurisdiction and venue of this court.

43. On October 12, 2009, pursuant to Labor Code § 2699.3(a)(1), the LWDA was provided notice of an intention to commence an action pursuant to the Private Attorney General Act of 2004 to recover civil penalties on behalf of the LWDA for violations by Lincoln of Labor Code §§ 226.7, 512, and associated IWC Orders, and provided the facts and theories to support the alleged violations. This notice was provided by certified mail as required by Labor Code § 2699.3(a)(1), Octoebr 12, 2009, to both defendants and the

1    LWDA.  On December 8, 2009, the LDWA advised Pickering that it would not proceed and

2    that Pickering as the Relator could proceed on behalf of the LWDA.

3         44.  As to Relator and similarly situated employees, Lincoln has failed to:

4         •    provide meal and rest breaks as required by Labor Code § 226.7 and 512;

5         •    failed to pay premium wages for missed meal and rest breaks as required by

6              Labor Code § 226.7 and 812;

7         •    failed to pay overtime as required by Labor Code § 510, 1194;

8         •    failed to maintain records of hours and meal periods in violation of  Labor Code

9              226;

10        •    failed to provide itemized statements to employees in violation of Labor Code §

11             226;.

12        A civil penalty is assessable for each violation per PAGA and relevant Labor Code

13   sections which Relator seeks on behalf of the LWDA per PAGA.

14                                          VI.

15                             SEVENTH CAUSE OF ACTION

16                    [Violation of Bus. & Prof. Code § 17200 et Seq.]

17        45.  Plaintiff incorporates paragraphs 1 through 48 above.

18        46.  Defendant's failure to pay wages for missed meal and rest periods in violation of

19   California Law (Labor Code §§ 226.7(b), 510, 512 and Industrial Welfare Commission Wage

20   Order No. 7 constitutes an unlawful business act and practice in violation of Business &

21   Professions Code § 17200 et seq.

22        47.  Pursuant to Business and Professions Code § 17200 et seq., Plaintiff and the

23   class members are entitled to restitution of the unpaid wages under Labor Code § 226.7, 510

24   and 512  withheld and retained by defendants during a period that commences four years

9

1    prior to the filing of this action and continuing at least through the date judgement is entered

2    in this action.

3          48.  Plaintiff seeks restitution of all unpaid wages, waiting time wages, a permanent

4    injunction requiring defendants to afford meal and rest breaks and pay for missed meal

5    periods, interest, an award of attorney's fees pursuant to Code of Civil Procedure § 1021.5

6    and other applicable law, and costs.

7                                          **VII.**

8                                  **CLASS ALLEGATIONS**

9          49.  This action has been brought and may properly be maintained as a class action

10   pursuant to the provisions of CCP § 382 and other applicable law, because there is a

11   well-defined community of interest in the litigation and the proposed class is ascertainable.

12         50.  The proposed class that Plaintiff seeks to represent is composed of current and

13   former employees of Lincoln within California at any time beginning four years preceding the

14   filing of this complaint holding any position in which they acted as a elder health care

15   provider.

16         51.  There is a well defined community of interest in the litigation and the class is

17   ascertainable:

18         a.  Numerosity: The plaintiff class is so numerous that the individual joinder of all

19   members is impractical under the circumstances of this case. While the exact number of

20   class members is unknown to Plaintiff at this time, Plaintiff is informed and believes and

21   thereon alleges that in California well over twenty current and former employees of Lincoln

22   were denied meal and rest breaks and were not compensated for missed meal breaks and

23   have not had records regarding hours worked and meal periods maintained.

24

Exhibit E, Page 47

1        b.  Common questions predominate: Common questions of law and fact exist as to all

2    members of the plaintiff class and predominate over any questions that affect only individual

3    members of the class. The common questions of law and fact include, but are not limited to:

4            i)  Whether defendants' practice of not affording rest breaks to employees who

5    share common classifications, duties, responsibilities was unlawful and violative of the

6    California Labor Code and Industrial Welfare Commission orders;

7            ii)  Whether defendants' practice of not affording meal breaks to employees

8    who share common classifications, duties, responsibilities was unlawful and violative of the

9    California Labor Code and Industrial Welfare Commission orders;.

10           iii)  Whether defendants' practice of not paying for missed rest breaks to

11   employees who share common classifications, duties, responsibilities and violative of the

12   California Labor Code and Industrial Welfare Commission orders;

13           iv)  Whether defendants' practice of not paying for missed meal breaks to

14   employees who share common classifications, duties, responsibilities and violative of the

15   California Labor Code and Industrial Welfare Commission orders;

16           v) Whether the retention of the wages due the employees who share common

17   classifications, duties, responsibilities was intentional;

18           vi) Whether records were kept regarding hours worked and meal periods;

19           vii) Whether the failure to keep records hours worked and meal periods was

20   intentional;

21           viii) Whether itemized statement were provided to employees;

22           ix) Whether employees were systematically paid less than minimum wage and

23   whether this was a design or plan by management;

24           x) Whether employees hours were set so as to merit overtime pay;

11

1    xi) Whether employees were systematically not paid overtime when merited

2    and whether this was a design or plan by management.

3    c. Typicality: Plaintiff's claims are typical of the claims of the class members. Plaintiff

4    and the members of the class sustained damages arising out of defendants' common

5    practice of failing to afford rest and meal breaks, failing to pay for missed meal and rest

6    periods and failure to keep records.  Plaintiff, like the other class members, routinely worked

7    more than six hours per day and was not afforded rest or meal breaks and was not paid for

8    missed meal periods.  Plaintiff performed the same general duties and had the same general

9    responsibilities as the other class members.  Each of the claims of individuals does not

10    exceed $75,000.00.

11    d. Adequacy: Plaintiff will fairly and adequately protect the interests of the members

12    of the class. Plaintiff has no interest that is adverse to the interests of the other class

13    members.

14    e. Superiority: A class action is superior to other available means for the fair and

15    efficient adjudication of this controversy. Because individual joinder of all members of the

16    class is impractical, class action treatment will permit a large number of similarly situated

17    persons to prosecute their common claims in a single forum simultaneously, efficiently, and

18    without the unnecessary duplication of effort and expense that numerous individual actions

19    would engender. The expenses and burdens of individual litigation would make it difficult or

20    impossible for individual members of the class to redress the wrongs done to them, while

21    important public interests will be served by addressing the matter as a class action. The cost

22    to and burden on the court system of adjudication of individualized litigation would be

23    substantial, and substantially more than the costs and burdens of a class action.

24

12

1    Individualized litigation would also prevent the potential for inconsistent or contradictory

2    judgments.

3         f.  Public Policy Consideration: Employers throughout the state violate wage and hour

4    laws. Current employees are often afraid to assert their rights out of fear of direct or indirect

5    retaliation. Former employees are fearful of bringing actions because they perceive their

6    former employers can blacklist them in their future endeavors through negative references

7    and by other means. Class actions provide the class members who are not named in the

8    complaint with a type of anonymity that allows for vindication of their rights.

9         WHEREFORE, Plaintiff prays for relief as follows:

10        1.  For all unpaid wages under Labor Code § 226.7(b), 510, 512, and 1194, in a sum

11   for each individual not to exceed $75,000.00;

12        2.  For reasonable attorney fees, cost of suit, and interest to the extent permitted by

13   law, including but not limited to PAGA and Labor Code §§ 218.5, 218.6, 226, 510, 512, 1194

14   and Code of Civil Procedure § 1021.5;

15        3.  For interest pursuant to Labor Code § 218.6.

16        4.  For restitution per Business & Professions Code § 17200 et seq.

17        5.  For a permanent injunction per Business & Professions Code § 17200 et seq.

18        6.  For civil penalties per PAGA;

19        7.  For class certification of this action as a class action, appointment of Plaintiff as the

20   class representative and for Plaintiff's counsel to be confirmed as class counsel;

21        8.  For such other relief as the deemed just and proper;

22   Dated: November 23, 2010              Respectfully submitted,

23                                         ENGLISH LLOYD & ARMENTA

24                                         Juan M. Armenta

13

# PROOF OF SERVICE

Pickering v. Lincoln Military Property Management, Inc.

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to the within action; my business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On June 1, 2011, I served the following document(s) described as **PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C §§ 1331 AND 1441** on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

Juan M. Armenta                Attorneys For Plaintiff
Attorney at Law                JULIE PICKERING
English Lloyd & Armenta        Tel:  (760) 340-2777
41750 Rancho Las Palmas Drive  Fax: (760) 340-6895
Building G
Rancho Mirage, CA  92270

☒  **(BY U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.  I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California.

☒  **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 1, 2011, at Irvine, California.

_____
GINA M. SQUITIERI

4842-3166-4649.1

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

### EDCV11- 851 VAP (DTBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [X] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
| --- | --- | --- |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐ )<br>JULIE PICKERING | **DEFENDANTS**<br>LINCOLN MILITARY PROPERTY MANAGEMENT, INC. |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Juan M. Armenta, SBN 150599<br>English LLoyd & Armenta<br>41750 Rancho Las Palmas Drive<br>Bldg G<br>Rancho Mirage, CA 92270<br>760.340.2777 | Attorneys (If Known)<br>James L. Payne, SBN 107021<br>James R. Moss, Jr. SBN 196725<br>Payne & Fears LLP<br>4 Park Plaza, Suite 1100<br>Irvine, CA 92614<br>949.851.1100 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No    ☒ **MONEY DEMANDED IN COMPLAINT: $** Unspecified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

U.S. Const. art. I, Section 8, cl. 17.   Labor law claims arising on a federal enclave.

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS - PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS - PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☒ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS - Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: **EDCV 11-00851 VAP (DTBx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)  CIVIL COVER SHEET  Page 1 of 2
CCD-JS44

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).   IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No   [ ] Yes

If yes, list case number(s): _____

**VIII(b).   RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No   [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [ ]   A.  Arise from the same or closely related transactions, happenings, or events; or

[ ]   B.  Call for determination of the same or substantially related or similar questions of law and fact; or

[ ]   C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]   D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ]   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | San Diego |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ]   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | San Diego |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | San Diego |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date June 1, 2011

JAMES R. MOSS, JR.

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

**PROOF OF SERVICE**

Pickering v. Lincoln Military Property Management, Inc.

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to the within action; my business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On June 1, 2011, I served the following document(s) described as **CIVIL COVER SHEET** on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

Juan M. Armenta                    Attorneys For Plaintiff
Attorney at Law                    JULIE PICKERING
English Lloyd & Armenta            Tel:  (760) 340-2777
41750 Rancho Las Palmas Drive      Fax: (760) 340-6895
Building G
Rancho Mirage, CA  92270

☒ **(BY U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 1, 2011, at Irvine, California.

_____
                          GINA M. SQUITIERI

4842-3166-4649.1

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100